UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GEORGE SARIDAKIS, D.O.<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue, East, Suite 1700<br>Cleveland, Ohio 44114<br><br>           Plaintiff,<br><br>vs.<br><br>JASON BEARD<br>c/o Ohio Department of Natural Resources<br>– Division of Watercraft<br>1407 Cleveland Road, W.<br>Sandusky, Ohio 44870<br><br>and<br><br>OFFICER WATSON, first name unknown<br>at this time<br>c/o Ohio Department of Natural Resources<br>– Division of watercraft<br>1407 Cleveland Road, W.<br>Sandusky, Ohio 44870<br><br>           Defendants. | CASE NO. 3:18-cv-2098<br><br>JUDGE<br><br><br>**COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

## INTRODUCTION

1. On September 16, 2017, Defendant Jason Beard and Defendant Watson (first name unknown at this time), officers employed with the Ohio Department of Natural Resources ("ODNR"), seized, detained and arrested Plaintiff, Dr. George Saridakis, all without probable cause. Defendants thereafter used unreasonable, excessive and outrageous force against Dr. Saridakis. Defendants injured Dr. Saridakis, including, but not limited to, a torn/detached biceps tendon that required surgical repair. At no time did Dr. Saridakis, a licensed physician in his sixties, pose any threat, real or perceived, to Defendants or anyone else that would warrant or

justify the uses of force at issue.  Defendants violated Dr. Saridakis' Constitutional Fourth and Fourteenth Amendment rights, for which Plaintiff now seeks redress under Title 42, Sections 1983 and 1988 of the United States Code ("U.S.C.").

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution.  Venue is appropriate as this cause of action arose in the City of Sandusky, Ohio which is in Erie County, Ohio within the Northern District of Ohio.

## PARTIES

3. At all times relevant, Plaintiff George Saridakis, D.O. was a resident of the City of Parma, Ohio within the Northern District of Ohio.

4. Plaintiff is a practicing Doctor of Osteopathic Medicine and has been licensed to practice medicine in the State of Ohio since 1982.

5. At all times relevant, Defendant Jason Beard was a resident of Ohio acting under color of law and within the course and scope of his employment with the ODNR.  Defendant Beard is a "person" as defined under 42 U.S.C. § 1983.  Defendant Beard is sued hereby in his individual capacity.

6. At all times relevant, Defendant Watson was a resident of Ohio acting under color of law and within the course and scope of his employment with the ODNR.  Defendant Watson is a "person" as defined under 42 U.S.C. § 1983.  Defendant Watson is sued hereby in his individual capacity.  Despite reasonable efforts, Plaintiff has not been able to confirm Defendant Watson's first name.  Upon confirming this information, Plaintiff will undertake to amend this Complaint as necessary.

**FACTS**

7. The preceding paragraphs are incorporated as if fully rewritten herein.

8. During the afternoon of September 16, 2017, Dr. Saridakis was lawfully operating his boat for recreational purposes on Lake Erie, a public lake, with eight (8) passengers on board.

9. On the date and time stated above, Dr. Saridakis docked his boat at the Sandusky Harbor Marina in Sandusky, Ohio, where Plaintiff maintains a dock/slip (Dock/Slip #13).

10. Upon docking, Defendant Beard approached and boarded Dr. Saridakis' boat.

11. Defendant Beard falsely accused Dr. Saridakis of various offenses, including creating a wake in a no-wake zone.

12. Defendant Beard demanded that Dr. Saridakis disembark his own boat and board Defendant Beard's vessel.

13. Dr. Saridakis complied with Defendant Beard's commands. Upon entering onto Defendant Beard's boat, Defendant Beard, without Dr. Saridakis' permission, forcibly grabbed and twisted Dr. Saridakis' left arm and bent it behind Dr. Saridakis' back. Defendant Watson forced Dr. Saridakis' right arm behind Dr. Saridakis' back, at which time Dr. Saridakis was handcuffed.

14. Dr. Saridakis told Defendant Beard that his left arm and left elbow were injured, in response to which Defendant Beard said, "*Shut your mouth. You're going to jail*."

15. A third ODNR officer approached and attempted to calm Defendant Beard down. This third ODNR officer took Defendant Beard aside and spoke with him, after which Defendant Beard uncuffed Dr. Saridakis.

16. Defendant Beard issued Dr. Saridakis a written citation. Thereafter an acquaintance of Dr. Saridakis assisted him away from the scene.

17. Defendants had no reasonable, articulable suspicion, let alone probable cause, to stop, detain, seize, or arrest Dr. Saridakis.

18. Defendants violated Dr. Saridakis' constitutional rights to be free from unreasonable seizures, which rights were clearly established, and about which all reasonable law enforcement officers would have been aware.

19. At no time did Dr. Saridakis possess or produce any weapon, verbally or physically threaten anyone, or otherwise pose any threat, real or perceived, to anyone. Nor did Dr. Saridakis act in any manner justifying the uses of force at issue.

20. Defendants' uses of force against Dr. Saridakis were objectively unreasonable and in contravention of legal standards and limitations governing the use of force.

21. Defendants' uses of force violated Dr. Saridakis' clearly established constitutional rights.

22. All law enforcement officers would know that the uses of force by the Defendants under the totality of the circumstances at issue were objectively unreasonable, excessive, unjustified, outrageous, and in violation of Dr. Saridakis' clearly established constitutional rights.

23. Dr. Saridakis sustained injuries during the incident described above, including, but not limited to, an injured biceps tendon requiring surgery.

24. Dr. Saridakis was charged with causing a wake in a no-wake zone, failure to comply, resisting arrest, and recklessly causing damage; all charges were initiated by Defendant Beard. Dr. Saridakis pleaded not guilty to these charges and is seeking exoneration through the criminal justice system. Upon final resolution of the criminal charges in favor of Dr. Saridakis, Plaintiff intends to amend this Complaint to add claims for malicious prosecution in violation of his federal constitutional rights, and to seek all compensable and punitive damages therefor.

25. As a direct and proximate result of the unreasonable seizure, detention and arrest, and the excessive and unlawful force used by Defendants, Plaintiff suffered grievous injuries, some of which are permanent, lost wages, medical expenses, legal fees, and other past and future economic and non-economic damages, and the violation of his federal constitutional rights under the Fourth and Fourteenth Amendments.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – Unreasonable Seizure, False/Unlawful Arrest, and False Imprisonment in Violation of the Fourth Amendment)**

26. The preceding paragraphs are incorporated as if fully rewritten herein.

27. At all times relevant, Dr. Saridakis was operating his boat for recreational purposes in a lawful manner on Lake Erie, a public waterway.

28. At all times relevant, Defendants were acting under color of state law, and within the course and scope of their employment with the ODNR.

29. At no time did Defendants have probable cause to stop, seize, detain, arrest, or otherwise restrict Dr. Saridakis' free movement on September 16, 2017.

30. Defendants, without reasonable, articulable suspicion, let alone probable cause, stopped, seized, detained, arrested, and restricted Dr. Saridakis' free movement, by force, commands and official presence, at the time and place described above, all in violation of Plaintiff's clearly established Fourth Amendment rights.

31. At the time and place described above, Defendants restricted Dr. Saridakis' free movement and Dr. Saridakis believed his free movement was restricted when he was stopped, seized, detained, and handcuffed.

32. Defendants' seizure, detention, and arrest of Dr. Saridakis described herein were unlawful.

33. As a direct and proximate result of the conduct described in this Claim for Relief, Dr. Saridakis sustained grievous physical and emotional injuries, embarrassment, past and future economic and non-economic damages, and the violation of his constitutional rights.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000) to compensate him for his injuries, damages and loss, punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future, attorneys' fees, costs of suit, and all other relief this Court deems equitable.

### SECOND CLAIM FOR RELIEF
**(42 U.S.C. § 1983 – Excessive Force and Failure to Intervene in Violation of the Fourth and Fourteenth Amendments)**

34. The preceding paragraphs are incorporated as if fully rewritten herein.

35. At all times relevant, Defendants were acting under color of state law and within the course and scope of their employment with the ODNR.

36. At no time did Dr. Saridakis pose any threat, real or perceived to anyone, including Defendants that would warrant the use of any force, and/or the uses of force at issue.

37. The uses of force by Defendants as described herein were objectively unreasonable, unnecessary, excessive, outrageous, and in violation of Dr. Saridakis' clearly established Fourth and Fourteenth Amendment rights, about which all reasonable law enforcement officers would be aware under the totality of the circumstances.

38. On the date and place described above, Defendant Watson failed and refused to intervene to prevent the use of excessive force by Defendant Beard against Dr. Saradakis in violation of Plaintiff's clearly established rights, about which any reasonable officer would have been on notice under the circumstances at issue.

39. As a direct and proximate result of Defendants' uses of force at issue, Defendant Watson's failure and refusal to intervene, and the violation of Dr. Saridakis' constitutional rights, Plaintiff sustained grievous physical and emotional injuries, embarrassment, past and future economic and non-economic damages, and the violation of his constitutional rights..

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for damages in an amount in excess of Seventy Five Thousand Dollars ($75,000) to compensate him for his injuries, damages and loss, punitive damages in an amount sufficient to punish Defendants and deter such conduct in the future, attorneys' fees, costs of suit, and all other relief this Court deems equitable.

**PLAINTIFF DEMANDS A JURY ON ALL CLAIMS ASSERTED HEREIN**

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
JEREMY A. TOR (0091151)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (FAX)
ndicello@spanglaw.com
jtor@spanglaw.com

And

*/s/Donald E. Caravona*
DONALD E. CARAVONA (0029855)
AARON P. BERG (0074045)
**CARAVONA & BERG, LLC**
50 Public Square
Cleveland, Ohio 44113
(216) 696-6500
(216) 696-1411 (facsimile)
dcaravona@cbjustice.com
aberg@cbjustice.com

*Attorneys for Plaintiff, Dr. George Saridakis*